### J. H. OGLESBY ET AL. *v.* S. R. STRIBLING.

1. PRACTICE. *Issue term. Unsworn plea.* Acts 1888, p. 82.
   Under the act of March 6, 1888, relating to actions *ex contractu*, it is only where process has been served on defendant thirty days before court, that the plaintiff is entitled to a trial at the return term. The fact that the declaration is sworn to, and the defendant's plea is not, does not change this.

2. SAME. *Judgment at return term.*
   If the declaration is sworn to, and the defendant, having thirty days' notice, files an unsworn plea, on motion, it will be stricken out and judgment entered for plaintiff at the return term.

FROM the circuit court of Lee county.

HON. LOCK E. HOUSTON, Judge.

The opinion states the case.

*J. L. Finley,* for appellants.

Under § 1 of the act of 1888, all actions *ex contractu* are triable at the return term if the defendant has had thirty days' notice.

Under § 2, suits to enforce mechanics' liens are triable at the return whether thirty days' notice has been given or not ; five days' notice under the general law is sufficient in such cases.

Under § 3 of the act, plaintiff, in any of the cases before mentioned (in §§ 1 and 2), may verify his complaint by his oath, in which case the plea or answer thereto shall be under oath. This relates

merely to the *evidence* at the trial, and has no reference to the *term when* the case is triable. The three sections of the act are to be construed together and effect given to each. If the construction contended for by appellee is correct, § 1 is idle.

The act does not repeal § 1703 of the code. The construction we contend for has been applied to § 1627, code 1880, which makes plaintiff's affidavit to an open account *prima facie* evidence of its correctness at the trial. This does not make the case triable at the first term although the account is not denied under oath.

As Rice and Hall were not summoned thirty days before court, judgments could not be taken at the return term.

*Blair & Stribling,* for appellee.

The only question is as to the correctness of the judgment against two of the appellants, Rice and Hall; that the other three, who were served thirty days before court, have joined in the appeal, is evidence that it was taken merely for delay.

Section 3 of the act of 1888 authorizes the plaintiff in any action *ex contractu* to swear to his declaration, in which event the plea thereto shall be under oath. The code requires five days' service of process. Therefore, in all actions of the character named, where process has been served five days, and there is no plea under oath, plaintiff is entitled to judgment. In case the declaration is verified by oath, an unsworn plea is no plea. The intention of the legislature was to prevent unnecessary delay, and the manifest purpose was to treat an unsworn plea in such case as no plea at all; and, of course, as there is no plea the plaintiff is entitled to judgment by default. If § 3 of the act does not mean this, we cannot see its purpose. It has no connection with the first section, because, under that, the plaintiff may secure a trial at the first term on thirty days' notice without swearing to his declaration.

In this case Rice and Hall were served more than five days before court, and, as the declaration was sworn to, and they did not plead as required by law, plaintiff was entitled to a judgment. This has been the construction of § 1627 of the code, which authorizes a plaintiff to swear to the correctness of an open account, and entitles him to judgment, unless there is a counter-affidavit.

The third section of the act does not deprive a defendant of the imparlance terms, but he must rest his defence upon his oath in order to get time. The statute is based on this idea. It was intended to prevent unnecessary delay. It is a wise statute, and we greet with hearty approval every measure that speeds the course of justice.

WOODS, C. J., delivered the opinion of the court.

The appellee, Stribling, brought suit on a promissory note against the appellants, and one McPherson, in Lee Circuit Court. The declaration was properly verified by affidavit, and the summons was issued and executed personally on appellants, Oglesby, Carroll and McPherson thirty days before court : on the other two appellants, Rice and Hall, the process was personally served less than thirty, but more than five days before court. The plea of the general issue was interposed on behalf of all those sued, but was not sworn to. During the term, appellee moved to strike out the unsworn plea, and asked for judgment against all, by default, and this motion was by the court sustained, and judgment entered.

The correctness of the action of the court below depends upon the proper construction of chapter 46, acts of 1888, entitled " An act in relation to practice in civil cases, and to prevent unnecessary delay and expense in litigation."

By section 1 of that act, it is provided that all actions *ex contractu* in the circuit court, where process has been served thirty days before court, shall be triable at the return term, except where defendant discloses a meritorious defense, supported by affidavit.

By section 2, suits for the enforcement of mechanics' liens are made triable at the return term.

And by section 3, in all actions of the character referred to in sections 1 and 2, the plaintiff may verify his complaint by affidavit, in which event the answer shall be under oath.

The contention is as to the meaning of the third section, appellant's counsel insisting that actions *ex contractu*, when process has been personally served at least thirty days before court, and mechanics' lien suits, are triable at the return term, and that the com-

plaint in such suits, when verified by affidavit, shall be met by a sworn answer. The appellees' contention is that section 3 makes all actions *ex contractu*, and suits to enforce mechanics' liens, triable at the return term, if the original declaration has been verified by plaintiff's affidavit.

To state the contention, in the face of the plain wording of the act itself, is to determine it. It bears its plain construction in its own open text. It is apparent on a mere inspection of the act that only actions *ex contractu*, in which service of process has been had thirty days before court, are triable at the return term, and not all actions *ex contractu*, without reference to the time of bringing of suit and service of process. The act must be construed all together, and its meaning gathered accordingly, and not by regarding any single line or paragraph alone.

It follows that the judgment in the court below as to McPherson, and the two appellants, Oglesby and Carroll, was correct, and that it was error to enter judgment against the other appellants, Rice and Hall. The two latter had not been served with process thirty days before court, and, as to them, the suit was not triable at the return term. The plea of the general issue unsworn, as to Rice and Hall, was ample to prevent any judgment by default as to them.

*Wherefore the judgment is affirmed as to all the appellants except Rice and Hall, and is reversed as to them.*